UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ANDREW J. HALL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-166 |
| STATE OF GEORGIA (et al) FOR THE EASTERN JUDICIAL CIRCUIT, | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Andrew J. Hall, who is currently detained in the Chatham County Detention Center on charges of failing to register as a sex offender, has filed a 42 U.S.C. § 1983 civil rights complaint asking this Court to enjoin his pending state criminal prosecution. (Doc. 1-2 at 1.) The Court granted Hall leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 9.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental

entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Here, Hall suggests that under Georgia law he is not a sex offender, hence he cannot be convicted for failing to register as one. (Doc. 1-2 at 2-4.) Defendant, apparently knowing this to be the case, allegedly pressed charges against Hall "in bad faith and for purposes of harassment". (*Id.*) Consequently, Hall asks the Court to assume jurisdiction of the case, set it down for a hearing, grant a temporary restraining order and permanent injunction preventing the prosecution, and enter a declaratory judgment finding that the indictments pending against him violate his First and Fourteenth Amendment rights. (*Id.* at 5.) He also

2

asks for costs and attorney's fees, along with any "further, different, or alternative relief to which the plaintiff may be entitled".[1] (*Id.*)

Hall's suit should be dismissed. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (per curiam) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54).

---

[1] It is unclear if Hall is requesting damages. Since this appears to be solely an official capacity suit, the state enjoys Eleventh Amendment immunity protecting it from damages liability. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). Even if he named the judge and prosecutor handling his case, they would be immune individually. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor sued in his individual capacity for presenting a criminal prosecution as an advocate for the state is absolutely immune from damages); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute judicial immunity provides immunity from suit itself, not merely from the ultimate assessment of damages).

None of the *Younger* doctrine exceptions apply here.[2] Hall should raise his contentions before the state trial court, which is perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.") Accordingly, this case should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this  23rd  day of August, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] This is not the first time Hall has been charged with failing to register. He received a two-year sentence for failing to register in 2007. *See* Georgia Dep't of Corr. Offender Database, available at http://www.dcor.state.ga.us. Hence, reprosecution for yet another failure-to-register violation hardly appears to be in bad faith, as Hall conclusorily suggests. Moreover, since he is already badged a sex offender, the instant case is unlikely to impose any new onus upon him -- that is, this is not the kind of case that is likely to create any danger of irreparable harm to his reputation or otherwise. His legal arguments, while clever, are not nearly adequate to show any sort of flagrant constitutional violation, and Hall has not made any other credible showing that any other unusual circumstances require federal court intervention.

4